UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.                    .

CLINTON PARKS, Individually

    Plaintiff,
v.

WAL-MART STORES EAST, LP, A Delaware
Limited Partnership,

    Defendant
_____/

## COMPLAINT
### (Injunctive Relief Demanded)

Plaintiff, CLINTON PARKS, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, WAL-MART STORES EAST, LP, a Delaware Limited Partnership, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.    Plaintiff is a resident of Pasco County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff suffers from Chronic Obstructive Pulmonary Disease and is unable to engage in the major life activity of walking to long distances without losing breath. As a result, Plaintiff often ambulates with a wheelchair. Plaintiff requires accessible handicap parking spaces located closest to the entrances of a facility. The handicap and access aisles must be of sufficient width so that he can embark and disembark from a vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured

carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that Plaintiff can reach them. When in a wheelchair, he requires that sinks have unwrapped pipes, as such pose a danger of scraping or burning his legs. Sinks must be at the proper height so that he can put his legs underneath to wash his hands. He requires grab bars both behind and beside a commode so that he can more easily transfer, and he has difficulty reaching the flush control if it is on the wrong side. He has difficulty getting through doorways if they lack the proper clearance.

2. Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA.

3. According to the county property records, Defendant owns or operates several places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The places of public accommodation that the Defendant owns or operates are known as Wal-Mart Super Center stores and are located in Miami-Dade County, Florida.

4. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs. The Defendant's properties are located in and are doing business within this judicial district.

5. Pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202.

6. As the owner or operator of the subject premises, Defendant is required to comply with the ADA. To the extent that each of the properties, or portions thereof, existed prior to

January 26, 1993 ("pre-existing facility"), the owner, lessor, lessee, or operator has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182. To the extent that each of the properties, or portions thereof, were constructed prior to January 26, 1993 ("newly constructed facility"), the owner, lessor, lessee, or operator was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183. To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facility"), the owner, lessor, lessee, or operator was under an obligation to make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities.

7. Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards for New Construction and Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG"). Pursuant to 28 C.F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible. Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

8. A preliminary inspection of each of the properties sued upon herein has shown that violations exist. These violations include, but are not limited to:

A. <u>Wal-Mart Super Center, 33501 S. Dixie Highway, Florida City, FL 33034</u>:

i. Defendant fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

3

ii.     Defendant fails to maintain its features to ensure that they are readily accessible and usable by the disabled.

iii.    There are inaccessible transaction counters.

iv.     There is a lack of compliant, accessible route connecting the disabled parking spaces with all the goods, services and facilities of the property, with obstructions, unsecured floor mats/carpeting.

v.      There are non-compliant restrooms, with inaccessible sinks, unwrapped pipes, poorly wrapped pipes, pipe wrapping falling off, improper hardware, improperly located amenities, inaccessible commodes, insufficient maneuvering space, lack of required clear floor spaces, obstructions, inaccessible stalls.

B.      <u>Wal-Mart Super Center, 14325 SW 268 Street, Homestead, FL 33032:</u>

i.      Defendant fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

ii.     Defendant fails to maintain its features to ensure that they are readily accessible and usable by the disabled.

iii.    There are non-compliant restrooms, with inaccessible stalls, inaccessible commodes, lack of compliant grab bars, insufficient maneuvering space, lack of required clear floor spaces, obstructions, inaccessible sinks.

C.      <u>Wal-Mart Super Center, 13600 SW 288 Street, Homestead, FL 33033:</u>

i.      Defendant fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

ii.     Defendant fails to maintain its features to ensure that they are readily accessible and usable by the disabled.

4

iii. There are non-compliant restrooms, with inaccessible doors, non-compliant hardware, inaccessible commodes, lack of compliant grab bars, obstructions, improperly located amenities.

D. <u>Wal-Mart Super Center, 21511 S. Dixie Highway, Miami, FL 33189:</u>

i. Defendant fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

ii. Defendant fails to maintain its features to ensure that they are readily accessible and usable by the disabled.

iii. There is a lack of compliant, accessible route connecting the disabled parking spaces with all the goods, services and facilities of the property, with excessive slopes.

iv. There is an insufficient number of compliant parking spaces and access aisles, with excessive slopes, improper markings.

v. There are non-compliant restrooms, with improper hardware, inaccessible stall, improperly located amenities, inaccessible commodes, insufficient maneuvering space, lack of required clear floor spaces, obstructions, inaccessible sinks, lack of compliant grab bars, non-compliant doorways, insufficient door clearance.

E. <u>Wal-Mart Super Center, 15885 SW 88 Street, Miami, FL 33196:</u>

i. Defendant fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

ii. Defendant fails to maintain its features to ensure that they are readily accessible and usable by the disabled.

iii. There is a lack of compliant, accessible route connecting the disabled parking spaces with all the goods, services and facilities of the property, with excessive slopes.

iv. There is an insufficient number of compliant parking spaces and access aisles, with excessive slopes.

v. There are non-compliant restrooms, with inaccessible stalls, non-compliant doorways, insufficient door clearance, inaccessible commodes, lack of compliant grab bars, insufficient maneuvering space, lack of required clear floor spaces, obstructions, inaccessible sinks, improperly located amenities, improper door hardware, unwrapped pipes, poorly wrapped pipes, pipe wrapping falling off.

F. <u>Wal-Mart Super Center, 8400 Coral Way, Miami, FL 33155</u>:

i. Defendant fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

ii. Defendant fails to maintain its features to ensure that they are readily accessible and usable by the disabled.

iii. There are non-compliant restrooms, with inaccessible stalls, non-compliant doorways, improper door hardware, inaccessible commodes, insufficient maneuvering space, lack of required clear floor spaces, obstructions, inaccessible sinks, lack of compliant grab bars.

G. <u>Wal-Mart Super Center, 9191 W. Flagler Street, Miami, FL 33174</u>:

i. Defendant fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

ii. Defendant fails to maintain its features to ensure that they are readily accessible and usable by the disabled.

iii. There is a lack of compliant, accessible route connecting the disabled parking spaces with all the goods, services and facilities of the property, with excessive slopes.

      iv.      There is an insufficient number of compliant parking spaces and access aisles, with excessive slopes.

      v.      There are non-compliant restrooms, with inaccessible stalls, non-compliant doorways, inaccessible sinks, improperly located amenities, improper door hardware, missing coat hook, non-compliant hardware, inaccessible commodes.

9.      On December 18, 2019, Plaintiff visited the each of the properties which form the basis of this lawsuit; Plaintiff plans to return to each of the properties to avail himself of the goods and services offered to the public at each property, and to determine whether each property has been made ADA compliant. These barriers discriminate against Plaintiff against him on the basis of his disability.

10.      Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

11.      The violations present at Defendant's facilities create a hazard to Plaintiff's safety.

12.      Plaintiff intends to return to each property in the near future, but is continuously aware of the violations at Defendant's facilities and is aware that it would be a futile gesture to return to the properties as long as those violations exist unless he is willing to suffer additional discrimination.

13.      The violations present at Defendant's facilities infringe Plaintiff's right to travel free of discrimination. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's facilities. By continuing to operate places of public accommodation with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of

the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's facilities, and knowing that it would be a futile gesture to return unless he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel. By maintaining public accommodations with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public. The harm suffered by Plaintiff constitutes a present, continuous and ongoing injury.

14. Plaintiff has suffered, presently suffers and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

15. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to these properties as described but not necessarily limited to the allegations above. In addition to the fact that Plaintiff suffers ongoing and present injury, Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit each property not only to avail himself of the goods and services available at the property but to assure himself that each property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of each property without fear of discrimination. Plaintiff intends to revisit each facility in the near future, not to be later than eight months from the present date.

16. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject properties, as prohibited by 42 U.S.C. § 12182 et seq.

17. The discriminatory violations described above are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and their facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

18. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facilities in violation of 42 U.S.C. §12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability

is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

19. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. §12205 and 28 CFR 36.505.

20. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter each of the properties to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA.

WHEREFORE, Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. §12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Attorneys for Plaintiff

Kathy L. Houston, Esq., Of Counsel
THOMAS B. BACON, P.A.
15321 S. Dixie Highway, Suite 205
Miami, FL 33157
Tel: (305) 420-6609
Fax: (786) 441-4416

By: /s/ *Kathy L Houston*
Kathy L. Houston, Esq. – FBN 56042
Email: courtdocs@houstonlawfl.com
Thomas B. Bacon, Esq. – FBN 139262
Email: tbb@thomasbaconlaw.com